Cite as 2026 Ark. App. 182

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-25-186

| | | |
|---|---|---|
| EARNEST MAXWELL | | Opinion Delivered  March 11, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| V. | | [NO. 63CV-24-642] |
| LAVSKI MANAGEMENT, LLC | | |
| | APPELLEE | HONORABLE JOSH FARMER, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**WAYMOND M. BROWN, Judge**

Appellant Earnest Maxwell appeals the orders of the Saline County Circuit Court entered in favor of appellee Lavski Management, LLC ("Lavski"), in this unlawful-detainer action. Maxwell argues that the circuit court erred in (1) denying his motion to dismiss the complaint because Lavski failed to attach the contract to the complaint; (2) denying him due process and sufficient notice and opportunity to be heard; and (3) granting Lavski's motion for issuance of writ of possession because he timely filed a response to the notice of intent to issue a writ of possession against him. Because the record presented on appeal does not contain a transcript of the August 28, 2024 hearing that ultimately encompassed Lavski's request for damages and all of Maxwell's outstanding motions, including his motion to dismiss, we remand to settle and supplement the record to include a transcript of that hearing.

On May 6, 2024, Lavski filed a complaint in unlawful detainer against Maxwell. Lavski asserted that Maxwell was in possession of its property pursuant to a lease agreement executed on

February 22. Lavski stated that Maxwell was in default of the lease agreement for failure to timely make rental payments for February, March, and April 2024. Maxwell was given notice to vacate and surrender possession of the subject property yet continued to unlawfully detain the property. Lavski requested a writ of possession ordering Maxwell to vacate and granting Lavski possession of the property.

Maxwell was served the complaint, summons, and notice of intent to issue writ of possession on May 27.[1] Lavski filed a motion for issuance of writ of possession on June 2, contending that Maxwell failed to timely file an objection to issuance of the writ, and sufficient evidence was presented to make a prima facie case of entitlement to possession of the property.

On June 3, the circuit court entered an order granting Lavski's motion for issuance of writ of possession against Maxwell. Also on June 3, after the order was entered, Maxwell filed an objection to the issuance of writ of possession and a motion to dismiss and motion to quash notice of intention to issue writ of possession. Without addressing Maxwell's motions, the court issued the writ of possession on June 6. On June 13, Maxwell filed a motion to quash and set aside the writ of possession and an order granting motion for issuance of the writ.

A hearing on the matter was held August 28. Following the hearing, on September 5, the circuit court entered a judgment granting Lavski's request for damages in the amount of $31,494.24. The court also denied Maxwell's outstanding motions. Maxwell moved for reconsideration on September 16. He appealed.

---

[1]Both parties assert that Maxwell received service of the complaint on May 27, 2024; there is no proof of service in the record on appeal.

On appeal, Maxwell argues that the circuit court erred in denying his motion to dismiss because Lavski failed to attach the contract—i.e., the lease agreement—to the complaint for unlawful detainer as required. He additionally argues that he was deprived of due process because the August 28 hearing was a "bench trial" that was held before the expiration of his time to file an answer to the complaint. Furthermore, Maxwell contends that he timely filed an objection to Lavski's notice of intent to issue a writ of possession. This argument was set forth in Maxwell's motion to quash and set aside writ of possession.

In his reply brief, Maxwell asserts that the August 28 hearing transcript is not required because the points he asserts on appeal are "clearly set forth on the official record." We disagree.

The record presented on appeal contains an email exchange between the parties and the court coordinating the setting of a damages hearing. Maxwell responded that there are outstanding motions, including a motion to dismiss, and requested a hearing on the motions. The court ultimately set a combined "1-hour Motion and Damages Hearing." Following the August 28, 2024, hearing, the circuit court entered judgment on Lavski's "request for damages and [Maxwell's] outstanding [m]otions." The court, "[a]fter hearing the testimony of the parties and based upon the pleadings and other facts and matters," denied the motions and awarded damages. It is evident that the circuit court ruled on Maxwell's outstanding motions, including the motion to dismiss and motion to set aside, following the hearing held on August 28 and the arguments presented therein.

If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record be certified and

3

transmitted.[2]  Because our record does not contain a transcript of the motion and damages hearing, we cannot reach the merits of Maxwell's claim at this time.  We therefore remand to the circuit court to settle and supplement the record.

Remanded to settle and supplement the record.

ABRAMSON and THYER, JJ., agree.

*Maximillan R. X. Sprinkle*, for appellant.

*Warden Law Firm*, by: *Harry Warden*, for appellee.

---

[2]Ark. R. App. P.–Civ. 6(e).